UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELLE M. MYERS,

                    Plaintiff,

-against-

YONKERS POLICE STATION DEPT.,

                    Defendant.

25-CV-4870 (JGLC)

**ORDER OF SERVICE**

---

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Michelle M. Myers, who is currently held in the Westchester County Jail, brings this action *pro se*, asserting claims of federal constitutional violations as well as other claims, and seeking damages. She sues "Yonkers Police Station Dept.," which the Court understands to be the Yonkers Police Department (the "YPD"). The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as comparable claims under state law.

    By order dated June 16, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses Plaintiff's claims against the YPD, and directs the Clerk of Court to add the City of Yonkers as a defendant under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court also directs service on the City of Yonkers, and directs the Corporation Counsel of the City of Yonkers to provide to Plaintiff and to the Court the full identities, badge numbers, and service addresses of the individual members of the YPD who are alleged to have participated in the incident mentioned in the complaint.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

A.  **The YPD**

The Court must dismiss Plaintiff's claims against the YPD because, as an agency of the City of Yonkers, it is not a suable entity. *See Smith v. Westhab Traverse House*, No. 1:24-CV-4961 (LTS), 2025 WL 26067, at *1 (S.D.N.Y. Jan. 2, 2025); *see also Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities. The only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality[] do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). The Court therefore dismisses Plaintiff's claims against the YPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **The City of Yonkers**

Under Rule 21, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Courts have added, under Rule 21, a municipality as a defendant in an

action, though that municipality is not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so. *See, e.g., Glover v. N.Y.C. Dep't of Corrs.*, 7:25-CV-1174 (KMK), 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025); *Bien-Aime v. DOCCS*, No. 1:24-CV-8797 (JHR) (BCM), 2025 WL 415771, at *2 (S.D.N.Y. Feb. 6, 2025); *Pearson v. O.C.J. Goshen, N.Y.*, 7:24-CV-8254 (KMK), 2025 WL 370965, at *3 (S.D.N.Y. Feb. 3, 2025); *Ballentine v. NYCPD*, No. 1:24-CV-6121 (MKV), 2024 WL 4556003, at *1 (S.D.N.Y. Oct. 22, 2024); *Owens v. Orange Cnty. Jail*, 7:22-CV-6754 (CS), 2022 WL 4449229, at *1-2 (S.D.N.Y. Sept. 23, 2022). That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 1:21-CV-7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not name the City of Yonkers as a defendant. In naming the YPD, an agency of the City of Yonkers, as a defendant, however, it appears that she intended to name the City of Yonkers as a defendant in this action. In light of Plaintiff's *pro se* status and her allegations, the Court understands Plaintiff's complaint as asserting claims against the City of Yonkers. Accordingly, the Court directs the Clerk of Court to add as a defendant in this action, under Rule 21, the City of Yonkers. This amendment is without prejudice to any defenses the City of Yonkers may wish to assert.

C. **Service on the City of Yonkers**

The Court understands Plaintiff's complaint as asserting claims under Section 1983 and/or under state law against the City of Yonkers. Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of Yonkers through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for the City of Yonkers. The Clerk of Court is further instructed to issue a summons for the City of Yonkers and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on the City of Yonkers.

If the complaint is not served on the City of Yonkers within 90 days after the date that a summons for the City of Yonkers is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the City of Yonkers until 90 days after the date that a summons for the City of Yonkers issues.

**D.     Unidentified individuals/defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and service address. 121 F.3d 72, 76 (2d Cir. 1997). The Court understands Plaintiff's complaint as intending to assert claims against unidentified members of the YPD as defendants. The complaint supplies sufficient information to allow the YPD to provide the full identity, badge number, and service address of each of the unidentified individuals allegedly involved in the incident mentioned in the complaint; they are those members of the YPD that, on or about May 12, 2025, entered 564 South Broadway, in Yonkers, New York, and arrested Plaintiff there. It is therefore ordered that the Corporation Counsel of the City of Yonkers, who is the attorney for and agent of YPD, must ascertain the identity, badge number, and service address of each of the abovementioned unidentified individuals. The Corporation Counsel must provide this information to Plaintiff and to the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the newly identified individuals as a defendant and providing his or her badge number and service address. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants. An amended complaint form is attached to this Order.

## CONCLUSION

Based on the foregoing, the Court dismisses Plaintiff's claims against "Yonkers Police Station Dept." and respectfully directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the City of Yonkers as a defendant in this action.

The Court additionally directs the Clerk of Court to: (1) issue a summons for the City of Yonkers; (2) complete a USM-285 form with the service address for the City of Yonkers; and (3) deliver all documents necessary to effect service of a summons and the complaint on the City of Yonkers to the USMS; and (4) mail an information package to Plaintiff.

The Court also directs the Clerk of Court to mail a copy of this Order and a copy of the complaint to the Corporation Counsel of the City of Yonkers, at 40 South Broadway, #300, Yonkers, New York 10701.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: August 22, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

City of Yonkers
Corporation Counsel of the City of Yonkers
40 South Broadway, #300
Yonkers, New York 10701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.      LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

**II.     PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                 Middle Initial                 Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                                 State                 Zip Code

**III.    PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.  STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                                               Plaintiff's Signature

_____        _____
First Name          Middle Initial          Last Name

_____
Prison Address

_____
County, City                            State                            Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6