UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

MICHELLE M. MYERS,

                              Plaintiff,            **REPORT AND**
                                                    **RECOMMENDATION**

              -against-
                                                    25 Civ. 4870 (JGLC) (AEK)

THE CITY OF YONKERS,

                              Defendant.
--------------------------------------------------------------X

**TO:  THE HONORABLE JESSICA G. L. CLARKE, U.S.D.J.**

Plaintiff Michelle M. Myers ("Plaintiff"), proceeding *pro se*, brings this action asserting claims pursuant to 42 U.S.C. § 1983 for false arrest and unlawful search and seizure.  ECF No. 1 ("Complaint").  Currently before the Court is a motion to dismiss for failure to prosecute filed by Defendant City of Yonkers ("Defendant").  ECF No. 31.  For the reasons that follow, I respectfully recommend that the motion to dismiss be GRANTED, and that the action be dismissed with prejudice.

**BACKGROUND**

Plaintiff commenced this action by filing a complaint against the "Yonkers Police Station Department" on June 6, 2025.  Plaintiff requested to proceed in *forma pauperis*, and the Court granted that application by order dated June 16, 2025.  ECF Nos. 2, 5.  On August 22, 2025, Your Honor issued an Order of Service that, among other things: (1) dismissed Plaintiff's Complaint against the Yonkers Police Department; (2) added the City of Yonkers as a Defendant; and (3) ordered counsel for the City of Yonkers, pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), to identify the members of the Yonkers Police Department who, "on or

about May 12, 2025, entered 564 Broadway, in Yonkers, New York, and arrested Plaintiff," and to provide that information to Plaintiff and the Court within 60 days.  ECF No. 7.

Defendant filed and served its Answer on October 2, 2025, ECF No. 13, and on October 15, 2025, it filed a letter that identified the members of the Yonkers Police Department involved in the incident giving rise to Plaintiff's claims, ECF No. 17.  Your Honor issued an order dated October 20, 2025, directing Plaintiff to file an amended complaint by no later than November 21, 2025, naming as defendants any newly identified individuals.  ECF No. 19.

The matter was then referred to the undersigned, ECF No. 20, and on October 28, 2025, the parties appeared for a telephonic status conference, *see* Docket Sheet, Minute Entry dated 10/28/2025.  Afterwards, this Court issued an order summarizing the matters discussed during the conference.  ECF No. 23.  At the conference, Plaintiff was reminded of the November 21, 2025, deadline to file an amended complaint.  *Id.*  Plaintiff informed this Court that she expected to be released from the Westchester County Jail within the next few weeks, and this Court advised Plaintiff of her responsibility to provide the Court with her updated contact information upon her release.  *Id.*  This Court scheduled a further status conference for December 16, 2025. *Id.*  The Clerk of Court mailed a copy of the October 28, 2026 order to Plaintiff at her address of record on the docket as of that date, at the Westchester County Jail.  *See* Docket Sheet, entry dated 10/29/2025.

Plaintiff failed to file an amended complaint by the November 21, 2025 deadline, and on December 3, 2025, this Court issued an order in which it *sua sponte* extended Plaintiff's deadline to file an amended complaint to December 17, 2025 and reiterated that the telephonic status conference would proceed as scheduled on December 16, 2025.  ECF No. 25.  The Clerk of

2

Court mailed a copy of the order to Plaintiff at her address of record on the docket as of that date, at the Westchester County Jail.  *See* Docket Sheet, entry dated 12/04/2025.

On December 3, 2025, Defendant filed a letter informing this Court that in preparation for the December 16, 2025 status conference, Defendant's counsel contacted the Westchester County Department of Corrections to coordinate Plaintiff's appearance and was advised that Plaintiff had been released from custody.  ECF No. 26.  Defendant's counsel further informed the Court that they did not have any current contact information for Plaintiff.  *Id.*

Plaintiff failed to appear for the telephonic status conference on December 16, 2025.  *See* Docket Sheet, Minute Entry dated 12/16/2025.  After the conference, this Court issued a scheduling order adjourning the status conference to January 16, 2026, and again reminded Plaintiff that "**it is her responsibility to notify the Court of her updated contact information, and she must do so in advance of the January 16, 2026, status conference**."  ECF No. 27 (emphasis in original).  The Clerk of Court mailed a copy of the scheduling order to Plaintiff at her last known address of record on the docket as of that date, at the Westchester County Jail. *See* Docket Sheet, entry dated 12/17/2025.

Plaintiff failed to appear for the telephonic status conference on January 16, 2026.  *See* Docket Sheet, Minute Entry dated 01/16/2026.  This Court adjourned the matter to February 12, 2026, for a telephonic status conference.  ECF No. 28.  The scheduling order warned that "**[i]f Plaintiff does not appear by telephone at the February 12, 2026, conference, the Court will authorize Defendant to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed**."  *Id*. (emphasis in original).  This Court, once again, reminded Plaintiff that "**it is her responsibility to notify the Court of her updated contact information, and she must do so in advance of the February 12, 2026 conference**."  *Id*. (emphasis in original).  The

Clerk of Court mailed a copy of the scheduling order to Plaintiff at her last known address of record on the docket as of that date, at the Westchester County Jail. *See* Docket Sheet, entry dated 01/20/2026. On February 12, 2026, the copy of the scheduling order that had been mailed to Plaintiff was returned as undeliverable. *See* Docket Sheet, entry dated 02/12/2026.[1]

Plaintiff failed to appear for the telephonic status conference on February 12, 2026. *See* Docket Sheet, Minute Entry dated 02/12/2026. Accordingly, because (i) Plaintiff had failed to appear at several conferences; (ii) Plaintiff had not, as of that date, communicated with either Defendant or this Court; and (iii) this Court had warned Plaintiff that Defendant would be allowed to file a motion to dismiss for failure to prosecute if Plaintiff did not appear at the scheduled conference, this Court issued an order granting Defendant permission to file a motion to dismiss for failure to prosecute. ECF No. 29. The Clerk of Court mailed a copy of the order to Plaintiff at her last known address of record on the docket as of that date, at the Westchester County Jail. *See* Docket Sheet, entry dated 02/13/2026.

On February 13, 2026, Your Honor amended the order of reference in this case to include a referral for a report and recommendation on the instant dispositive motion. ECF No. 30.

On March 16, 2026, Defendant filed its motion to dismiss for failure to prosecute and served it on Plaintiff at her address of record on the docket. ECF Nos. 31-34. To date, Plaintiff has neither filed anything in response to the motion nor otherwise contacted the Court.

### DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b). Thus, under

---

[1] The December 3, 2025 Order, ECF No. 25, that had been mailed to Plaintiff by the Clerk of Court also was returned as undeliverable. *See* Docket Sheet, entry dated 12/22/2025.

4

Rule 41(b), a plaintiff is required to diligently prosecute his or her case.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) is a "harsh remedy that should be utilized only in extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quotation marks omitted), and "[t]he standard is heightened in cases of *pro se* litigants," *Murray v. Bouck*, No. 19-cv-317 (MKV), 2020 WL 6381935, at *1 (S.D.N.Y. Oct. 30, 2020) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).[2]  Nevertheless, "the authority to invoke [Rule 41(b)] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.,* 682 F.2d at 42.

The Second Circuit has set forth five factors that it uses to review whether a court has properly dismissed a case for failure to prosecute:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis*, 564 F.3d at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  Here, each of the five factors warrants dismissal of Plaintiff's case.

## I.      Delay of Significant Duration

Plaintiff has neglected to prosecute this case since at least November 2025.  "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases, *infra*, that are unpublished or only available by electronic database will be simultaneously delivered to the *pro se* Plaintiff along with this Report and Recommendation.

enough to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). "Delays of several months have been found to warrant dismissal." *Id.* (citing cases). "Courts have found dismissal appropriate for even shorter delays when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his or her] claim." *Id.* at 630 (quotation marks omitted).

Since she last appeared for a status conference on October 28, 2025, Plaintiff failed to appear at multiple conferences scheduled by this Court and has not made any efforts to contact either Defendant's counsel or the Court. Plaintiff also failed to file an amended complaint by the deadlines set by the Court. Plaintiff's failure to apprise either the Court or Defendant's counsel of her current contact information has made Plaintiff completely inaccessible. There is no way of knowing how long Plaintiff's failures to participate in any scheduled conferences or communicate with either Defendant's counsel or the Court will last. Accordingly, the duration of the delay weighs in favor of dismissal.

## II.     Notice that Further Delays Would Result in Dismissal

This Court informed Plaintiff during the October 28, 2025 status conference of her responsibility to provide the Court with her updated contact information once she was released from the Westchester County Jail, *see* ECF No. 23, and reminded Plaintiff of this responsibility again in the scheduling orders issued on December 16, 2025 and January 16, 2026, *see* ECF Nos. 27, 28. The January 16, 2026 scheduling order additionally warned Plaintiff that if she failed to appear at the February 12, 2026 conference, the Court would "**authorize Defendant to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed**." *Id.* (emphasis in original). This Court's February 12, 2026 order also notified Plaintiff of the briefing schedule for the motion to dismiss for failure to prosecute. *See* ECF No. 29. All of

these orders were mailed to Plaintiff by the Clerk of Court at Plaintiff's last known address of record on the docket. *See* Docket Sheet, entries dated 10/29/2025, 12/17/2025, 1/20/2026, and 2/13/2026.

"The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994); *see Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 41-44 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute where *pro se* plaintiff, *inter alia*, failed to respond to correspondence from opposing counsel and a motion to dismiss for failure to prosecute); *Smith v. Westchester Cnty.*, No. 19-cv-1283 (KMK), 2020 WL 883332, at *1-2 (S.D.N.Y. Feb. 24, 2020) (dismissing for failure to prosecute where plaintiff failed to communicate with court for several months notwithstanding court making clear that failure to respond would result in dismissal). Moreover, it is Plaintiff's responsibility to inform the Court of any changes in her address. *See Brown v. Smith*, No. 13-cv-4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (collecting cases). Given that Plaintiff has not communicated with the Court to provide any updated contact information, "any attempt to further warn [P]laintiff[] of [her] responsibilities and the consequences of [her] continued failure to prosecute this action would be futile." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). "The Court notes that any inability to receive actual notice of the proceedings was of [P]laintiff['s] own doing." *Id.* Accordingly, Plaintiff has been given notice to the greatest extent practicable under the circumstances, and this factor, too, weighs in favor of dismissal.

**III.    Prejudice to Defendant Resulting from Further Delays**

"With regard to possible prejudice to defendants by virtue of further delay, a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until [P]laintiff changed her mind or the court lost patience.  Accordingly, we may infer the likelihood of some prejudice if the motion were not granted." *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-cv-3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002); *see also Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law").  Moreover, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade*, 293 F.R.D. at 630.  The "prejudice to defendant" factor therefore also weighs in favor of dismissal.

**IV.    Balance Between Calendar Congestion and the Opportunity to Be Heard**

Given the length of time that this case has remained inactive due to Plaintiff's failure to appear at conferences or to file an amended complaint as ordered, the Court's interest in reducing docket congestion and freeing up limited judicial resources to allow other cases to proceed outweighs the need to give Plaintiff more time to be heard in the matter.  *See Lukensow*, 124 F.R.D. at 67 ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard.  The fact is that this dismissal results from plaintiffs' own conduct.  The result could have been avoided by pressing their claim in the adversary proceeding."); *see also Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may require a district court to dismiss a case pursuant to Rule 41(b)." (quotation marks omitted)).  Accordingly, this factor also weighs in favor of dismissal.

## V.    Consideration of Lesser Sanctions

In light of Plaintiff's continued failure to proceed with this case, and her failure to communicate with Defendant's counsel or the Court, the sanction of dismissal with prejudice is appropriate.  *See, e.g.*, *Hardimon v. Westchester Cnty.*, No. 13-cv-1249 (PKC) (MHD), 2014 WL 2039116, at *2 (S.D.N.Y. May 16, 2014) ("In light of the express warning of dismissal, there is no reason to believe that a lesser sanction would be effective."); *Edwards v. Horn*, No. 10-cv-6194 (RJS) (JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012) ("[Plaintiff's] failure to prosecute and his most recent failures to appear at court-ordered conferences demonstrate that any lesser sanction would be an exercise in futility[.]" (quotation marks omitted)), *adopted by* 2012 WL 1592196 (S.D.N.Y. May 4, 2012); *Smith v. Human Res. Admin. of New York City*, No. 91-cv-2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case.  Court orders and direction have not prompted plaintiff to move her case forward . . . .  Moreover, plaintiff is proceeding *in forma pauperis*, rendering monetary sanctions inappropriate."[3]).  Where, as here, Plaintiff's "noncompliance strongly suggests abandonment of the action," dismissal of the action is the appropriate sanction.  *Hardimon*, 2014 WL 2039116, at *2.  Because Plaintiff has not provided any method for the Court to contact her regarding this matter, she cannot be given notice of any sanction less than dismissal.  Accordingly, this final factor weighs in favor of dismissal as well.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendant's motion to dismiss for failure to prosecute (ECF No. 31) be GRANTED, and that Plaintiff's action be dismissed with prejudice.

---

[3] Plaintiff here is also proceeding *in forma pauperis*.  *See* ECF No. 5.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made by mail). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to such objections, must be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jessica G.L. Clarke, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the Honorable Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must be directed to Judge Clarke, and not to the undersigned.

**Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated:  June 1, 2026
White Plains, New York

Respectfully submitted,

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Report and Recommendation has been mailed to the *pro se* Plaintiff by Chambers at Plaintiff's address of record on the docket as of the date of the Report and Recommendation.