UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE M. MYERS,

                Plaintiff,

      -against-

CITY OF YONKERS,

                Defendant.

25-CV-4870 (JGLC) (AEK)

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

JESSICA G. L. CLARKE, United States District Judge:

This motion to dismiss for failure to prosecute was referred to Magistrate Judge Andrew E. Krause for a Report and Recommendation. *See* ECF Nos. 30–31. In the Report and Recommendation filed on June 1, 2026, Judge Krause recommended that the motion be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See* ECF No. 35 ("R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 10. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Motion to Dismiss and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Plaintiff has not made any appearance in this case since an October 28, 2025 status conference. *See* R&R at 2. Plaintiff ignored the Court's Order to file an amended complaint, even though Judge Krause *sua sponte* extended her deadline to do so, and failed to provide updated contact information where she may receive service in this case—despite multiple reminders that it is her responsibility to do so. *See id.* at 2–4 & n.1. As such, the Court has not received any communication from Plaintiff in eight months and has no way for its orders to reach Plaintiff. *See Murray v. Doe*, No. 24-CV-5849 (KMK), 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (dismissing pursuant to Rule 41(b) where the plaintiff failed to communicate with courts for seven months and collecting cases to the same effect). Accordingly, the Report and Recommendation is ADOPTED in its entirety.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v.*

*United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate ECF No. 31, close the case, and mail a copy of this Order to Plaintiff's last known address.

     SO ORDERED.

Dated: June 26, 2026
     New York, New York

          JESSICA G. L. CLARKE
          United States District Judge

3